IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUISEPPE CUSUMANO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALBERTO GONZALES, et al.[1] | : | NO. 07-0971 |

**MEMORANDUM**

**I.      Introduction**

Guiseppe Cusumano ("Plaintiff") asks this Court for a writ of mandamus and an injunction to compel the Government[2] ("Defendant") to act on his application for naturalization. Plaintiff's petition includes a motion for a preliminary injunction, temporary restraining order, and order to show cause. Plaintiff asserts that the Court has jurisdiction pursuant to applicable provisions of the Mandamus Act, 28 U.S.C. § 1361; the Administrative Procedures Act ("APA"), 5 U.S.C. § 555; and 28 U.S.C. § 1331. Defendant moves to dismiss Plaintiff's action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The court denies Defendant's motion.

**II.      Background**

Plaintiff was born in Italy on April 14, 1962 and has been a permanent resident of the

---

[1] In all the documents Plaintiff has filed with this Court, Plaintiff has spelled Alberto Gonzales's name as Gonzalez. This is the incorrect spelling. The Court has used the correct spelling in this opinion: Gonzales.

[2] Plaintiff brings this action against the former United States Attorney General, Alberto Gonzales, the Director of the Federal Bureau of Investigation, Robert Mueller, the Secretary of the Department of Homeland Security, Michael Chertoff, the Director of United States Citizenship and Immigration Services of the Department of Homeland Security, and Emilio Gonzales, the District Director of Department of Homeland Security of the United States Citizenship and Immigration Services.

United States since June 9, 1965.  He has been living in the United States since that time. Plaintiff applied to the United States Citizenship and Immigration Service ("USCIS") for citizenship on February 22, 2005.  On March 14, 2006, USCIS granted Plaintiff an interview. Plaintiff passed the examinations for naturalization in English, U.S. History, and government. On June 1, 2006, Plaintiff contacted the USCIS to check on the status of his naturalization application and was informed, by letter, that his application was still pending "due to security clearance."  To Plaintiff's knowledge, the Government has taken no further action on his application. (Pl.'s Pet. for Mandamus and Injunction, at 1-2)

The agency action at issue in the instant case is the processing of an application for naturalization.  A person who has been lawfully admitted to the United States for permanent residence is eligible to become a citizen upon establishing five years of continuous residence in the United States and a showing of good moral character.  8 U.S.C. § 1427(a).  The statute, in conjunction with agency regulations, sets out a four-step procedure for naturalization: (a) the filing of the application itself; (b) an investigation and background check; (c) an examination; and (d) the administration of the oath of allegiance. 8 U.S.C. § 1446(a); 8 C.F.R. § 335; see also Ajmal v. Mueller, No. 07-206, 2007 WL 2071873, at *2 (E.D.Pa. July 17, 2007) (Kauffman, J.). Plaintiff's application is currently stalled between the third and fourth steps of the process.

The statute provides a time period in which the Government must complete the adjudication of an application once the agency has granted an applicant an examination: "If there is a failure to make a determination under [8 U.S.C. §] 1446 before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on

the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). There is no Circuit Court opinion on point.

### III.   Parties' Contentions

The Government moves to dismiss this petition for a writ of mandamus for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 6.  Defendant asserts that the 120-day time limit, which 8 U.S.C. § 1447 gives the agency to process Plaintiff's application after Plaintiff has been granted an examination, does not apply here. The Government asserts that the term "examination," used in the statute, encompasses more than the interview of the applicant, and includes supplementary background checks.  The Government states that they have not yet completed their examination of Plaintiff.

The Government asks that the case be dismissed or, in the alternative, that the Court remand the matter to the FBI to complete Plaintiff's background check and then to USCIS to adjudicate the applications as soon as is practicable, but with no specific time frame.  The Government respectfully submits that the material facts are undisputed and that discovery will only delay the disposition of the case. (Def.'s Mot. to Dismiss, at 1-2).

Plaintiff asserts that the Court does have jurisdiction to grant a writ of mandamus. Plaintiff further asserts that the word "examination" in the text of 8 U.S.C. § 1447 refers only to the USCIS's interview of an applicant and that, as Plaintiff was interviewed more than 120 days before he brought this action, the Court has jurisdiction under the language of 8 U.S.C. § 1447 as well.

### IV.   Legal Standards

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). The court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merits of the jurisdictional claims." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (brackets omitted).

This Court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. The common-law writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty. Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Mandamus may issue to require the exercise of permissible discretion, although the manner in which the discretionary act is to be performed is not to be directed by the court. Pennsylvania ex rel. Sheppard v. Nat'l Ass'n of Flood Insurers, 520 F.2d

4

11, 27 (3d Cir. 1975), overruled in part on other grounds by Pennsylvania v. Porter, 659 F.2d 306 (3d Cir. 1981).

The APA provides that a court "shall...compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); see also id. § 555(b) (providing that within a reasonable time, each agency shall proceed to conclude a matter presented to it). Although "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action," if a plaintiff states an APA claim under § 706(1), an independent ground for jurisdiction exists under the federal question statute, 28 U.S.C. §1331, subject only to preclusion of review statutes created or retained by Congress. Shaat v. Klapakis, No. 06-5625, 2007 WL 2768859 (E.D. Pa. Sept. 21, 2007) (Pollak, J.) (citing Califano v. Sanders, 430 U.S. 99, 107 (1977)).

**V.     Discussion**

In the past year, several judges in this District, including the undersigned, have faced cases where the claims and facts are the same as the instant case for most relevant purposes: in all these cases, petitioners have moved the Court to issue writs of mandamus to compel the Government to proceed with their naturalization applications where those applications have been delayed for an extended period of time, asserting that the Court has jurisdiction under the INA, the APA and the Mandamus Act; in each of these cases, the Government has filed motions to dismiss for lack of jurisdiction. In each of these cases, the Court has denied the Government's motion to dismiss and allowed the case to proceed to discovery. See Mocano v. Mueller, No. 07-0445, 2007 WL 2916192 (E.D. Pa. Oct. 3, 2007) (Baylson, J.); Shaat v. Klapakas, No. 06-5625, 2007 WL 2768859 (E.D. Pa. Sept. 21, 2007) (Pollak, J.); Ajmal v. Mueller, No. 07-206, 2007

WL 2071873 (E.D. Pa. July 17, 2007) (Kauffman, J.); Song v. Klapakas, No. 06-05589, 2007 WL 1101283 (E.D. Pa. April 12, 2007)(Stengel, J.); Kaplan v. Chertoff, 481 F. Supp. 2d 370, 399 (E.D.Pa 2007) (Robreno, J.).

The instant case presents a slightly different set of circumstances than the cases cited above because this applicant is in the third stage, rather than the second stage, of the naturalization process. The third stage is the only stage which contains a time frame in which the Government must complete their work. The Court will not decide at this time whether the word "examination" used in the statute refers merely to the agency's "interview" of Plaintiff or whether the "interview" is merely one part of the larger "examination." There is case law to support both positions. Compare Walji v. Gonzales 500 F.3d 432 (5th Cir. 2007) (holding that the term examination under the statute refers to initial interview of applicant, not the entire investigative process, including FBI's security check of the applicant); and Al Daraji v. Monica, No. 07-1729, 2007 WL 2994608 (E.D. Pa. October 12, 2007) (Restrepo, J); with Danilove v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va 2005) (holding that the "examination" period referred to in the statute would not end until the FBI had completed a background check of the applicant, and therefore, the Court lacked subject matter jurisdiction).

Although subject matter jurisdiction is not free from doubt, in the absence of any Circuit Court opinion on the issue presented, the undersigned will defer to these former judgments of this Court at this time and deny the Government's Motion to Dismiss. If the Third Circuit decides that the federal courts lack subject matter jurisdiction, of course this Court will be bound by such a decision.

**VI.     Conclusion**

6

At this time, Plaintiff's Complaint will remain before this Court and the parties will proceed with any discovery that may be necessary and any subsequent dispositive motions. An appropriate order to follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUISEPE CUSUMANO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALBERTO GONZALES, et al. | : | NO. 07-0971 |

## **ORDER**

AND NOW, this 13th day of December, 2007, upon consideration of Defendant's Motion to Dismiss, (Doc. No. 7) and Plaintiff's Opposition thereto, (Doc. No. 9) and for the reasons stated in the accompanying Memorandum, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

s/Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\Dana\Cusumano\memorandum opinion 12-4-07.wpd

8